## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## NEW ALBANY DIVISION

| | | |
|---|---|---|
| MARLON JOE LEWIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4:19-cv-00258-TWP-DML |
| | ) | |
| MADISON STATE HOSPITAL, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER GRANTING MOTION TO DISMISS AND
## DENYING MOTION TO SEAL CASE

This matter is before the Court on a Motion to Seal Case, (Dkt. 3), filed by *pro se*, Petitioner

Marlon Joe Lewis (Mr. Lewis) and a Motion to Dismiss Petition, (Dkt. 18), filed by Respondent,

Madison State Hospital ("Respondent").  Mr. Lewis initiated this action by filing a Petition for

Writ of Habeas Corpus seeking relief from an involuntary commitment to a state hospital issued

by the St. Joseph Superior Court.  (Dkt. 1). For the reasons stated below, the Motion to Dismiss

Petition is **granted**, and Mr. Lewis' Motion to Seal is **denied**.

## I.    MOTION TO DISMISS

In his petition for writ of habeas corpus, Mr. Lewis challenges a commitment order from

April 9, 2018, which ordered a 90-day continuation of his commitment to Oaklawn of St. Joseph

County, a mental healthcare provider in Indiana. The Respondent moved to dismiss the petition,

arguing in part that it must be dismissed because Mr. Lewis was not in custody pursuant to the

April 2018 order when he filed his petition challenging it.[1]  (Dkt. 19.)

### A.    Background

Indiana law permits the involuntary commitment of mentally ill individuals who are

determined to be "dangerous or gravely disabled." Indiana Code § 12-26-1-1.  Once an individual

---

[1] Because the Court finds it does not have jurisdiction over this case, it does not address the Respondent's other claims.

has been placed on a regular commitment, the trial court must carry out an annual review of the individual's commitment based on a report from the facility superintendent or attending physician. Ind. Code § 12-26-15-1.  That report must contain a statement describing the mental condition of the person, whether he is dangerous or gravely disabled, and whether he needs to remain in the facility or can be cared for under a guardianship.  *Id.*  The individual may request a hearing for the review.  Ind. Code § 12-26-15-3.

Mr. Lewis has been diagnosed with schizophrenia and he has received in-patient and out-patient services for over three decades.  (Dkt. 1-1 at 5–6.)  On February 29, 2016, the St. Joseph Superior Court issued an order involuntarily committing Mr. Lewis to the care of a state mental health hospital.  (Dkt. 1-1 at 34.)  The order was subsequently amended on March 6, 2016, to allow Mr. Lewis to receive out-patient treatment at Oaklawn of St. Joseph.  *Id.* at 34.  Periodic reviews and hearings were held over the following two years.  On March 1, 2018, the trial court issued an order continuing the regular commitment without a hearing and requiring a periodic report be filed by February 28, 2019. (Dkt. 19-1.) Mr. Lewis requested a hearing to review his commitment.  On April 9, 2018, the trial court held a hearing and issued an order under state Cause Number 71D07-1602-MH-100 stating it would continue Mr. Lewis' commitment at Oaklawn on an out-patient basis for at least the next 90 days and holding that the March 1, 2018, order remained in effect.  (Dkt. 1-1 at 37; Dkt. 19-2.)

On May 7, 2018, Mr. Lewis appealed the April 9, 2018, order to the Indiana Court of Appeals. (Dkt. 1-1 at 5.)  While the appeal was pending, venue was transferred to the Elkhart Superior Court 3 under a new Cause Number, 20D03-1807-MH-553.  (Dkt. 19-3 at ¶ 3.)  The Elkhart Superior Court held a status hearing on September 25, 2018, pursuant to Oaklawn's request. (Dkt. 19-3.)  The Elkhart Superior Court issued an order on October 3, 2018, finding that

2

Mr. Lewis required placement at a state psychiatric hospital. *Id.* The court ordered that a periodic report be submitted by February 29, 2019. *Id.*

On October 30, 2018, the Indiana Court of Appeals issued a decision affirming the April 9, 2018, order of the review hearing. *M.L. v. Oaklawn OSJ*, No. 18A-MH-11114, 2018 WL 5578872 (Ind. Ct. App. Oct. 30, 2018).

On February 12, 2019, the Elkhart Superior Court issued an order renewing Mr. Lewis' commitment term for another year. (Dkt. 19-4.) Mr. Lewis appealed that order, and the Indiana Court of Appeals again affirmed the trial court's decision to renew Mr. Lewis' commitment for a year. *M.L. v. Oaklawn Psychiatric* Services, No. 19A-MH-392, 2019 WL 3771925 (Ind. Ct. App. Aug. 12, 2019). The Indiana Supreme Court denied transfer on November 7, 2019. (Dkt. 1-3.)

On December 3, 2019, Mr. Lewis mailed the instant petition for a writ of habeas corpus seeking federal collateral review of the April 9, 2018, order. (Dkt. 1.) On February 12, 2020, the Elkhart Superior Court judge issued another order continuing Mr. Lewis's commitment. (Dkt. 19-5.) The judge also directed Madison State Hospital, where Mr. Lewis is currently hospitalized, to file a periodic report by February 7, 2021. *Id.*

This Court takes judicial notice of Mr. Lewis' other pending habeas petition in this court, Cause Number 4:20-cv-00056-TWP-DML, in which the Respondent shows that Mr. Lewis requested a hearing after the Elkhart Superior Court issued its February 12, 2020 order. (*See* 4:20-cv-00056-TWP-DML, Dkt. 13-1.) The Superior Court held a hearing and on March 4, 2020, issued an "Order of Continuation of Regular Commitment," continuing Mr. Lewis' commitment to the Madison State Hospital for a year, and ordering the facility to issue a report by February 15, 2021. *Id.* Mr. Lewis is appealing that order in the Indiana Court of Appeals. *Id.*, Dkt. 13-10 (Notice of Appeal, March 12, 2020). Mr. Lewis has not responded, and the time to do so has passed.

**B.**    **Discussion**

Involuntary commitment to a psychiatric hospital is a type of "custody" actionable under 28 U.S.C. § 2254.  *See Matthew v. Norristown State Hosp.*, 528 Fed. App'x 115, 118 (3d Cir. 2013) (citing *Souder v. McGuire*, 516 F.2d 820, 823 (3d Cir. 1975)).  However, "[f]ederal courts have jurisdiction over a habeas petition only if the petitioner is 'in custody pursuant to the judgment of a State court.'"  *Stanbridge v. Scott*, 791 F.3d 715, 718 (7th Cir. 2015) (citing 28 U.S.C. § 2254(a) and *Maleng v. Cook,* 490 U.S. 488, 490 (1989)).  This means that "the petitioner must be 'in custody' *under the conviction or sentence under attack* at the time his petition is filed."  *Stanbridge*, 791 F.3d at 718 (quoting *Maleng*, 490 U.S. at 490–91) (emphasis in original).

This Court lacks jurisdiction over Mr. Lewis' habeas petition because Mr. Lewis is no longer in custody pursuant to the April 8, 2018, order.  The trial court's annual review and order continuing Mr. Lewis' commitment stands as an independent determination that he must be involuntarily committed.  *In re Kirkland*, 420 N.E.2d 1352, 1354 (Ind. Ct. App. 1981) (finding that although original 1977 commitment hearing made a "mockery" of due process, appellant was committed pursuant to a valid 1980 commitment order which constituted an independent judgment).

Thus, although Mr. Lewis is currently hospitalized, it is pursuant to the March 4, 2020 order, not pursuant to the April 8, 2018, order he challenges in this petition.  In other words, Mr. Lewis is not committed to the Madison State Hospital because of a determination in 2018 that he was dangerous or gravely disabled, but because of a determination in March 2020 that he was. Therefore, this Court lacks jurisdiction to decide the petition.  *Stanbridge*, 791 F.3d at 718 (citing *Lackawanna Cnty. Dist. Attorney v. Coss,* 532 U.S. 394, 401 (2001)); *see also Martin v. Bartow*, 628 F.3d 871, 874 (7th Cir. 2010) (agreeing with district court's conclusion that—because commitment is dependent on finding of current illness/dangerousness—each commitment order

constitutes a new judgment for purposes of AEDPA); *Page v. King*, 2015 WL 5569434, at *4 (N.D. Cal. Sept. 21, 2015) (noting court had no jurisdiction to assess expired civil commitment order under Section 2254 that had been superseded by new commitment order); *Tucker v. Ann Klein Forensic Center Hosp.*, 2014 WL 1614766, at *3 (D.N.J. Apr. 22, 2014) (same).

Civil detainees must exhaust state remedies before seeking federal habeas review. *Martin*, 628 F.3d at 876. If it were impossible for Mr. Lewis to exhaust in state court before filing a § 2254 petition challenging his current commitment order, he might argue that the Court should extend the mootness exception for "disputes capable of repetition yet evading review" to § 2254's custody requirement. *See Eichwedel v. Curry*, 700 F.3d 275, 279 (7th Cir. 2012). But Mr. Lewis has shown that timely exhaustion is not impossible. When he filed this petition on December 3, 2019, he had exhausted his challenges to the then-current February 2019 commitment order—with months to spare. Mr. Lewis' now-current commitment order was entered March 4, 2020, and he has appealed it. There is no reason to believe he will be unable to exhaust his state remedies and file a § 2254 petition before a new commitment order is entered. Thus, even if the "capable of repetition yet evading review" exception might extend to § 2254's custody requirement, it does not apply in this case.

Accordingly, the Respondent's Motion to Dismiss Case, (Dkt. 18), is **granted**, and the Petition is **dismissed for lack of jurisdiction**.

## C.     Certificate of Appealability

The Court finds that a certificate of appealability shall not issue. "A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, a state prisoner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional

right."  28 U.S.C. § 2253(c)(2).  Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  The Court does not have jurisdiction over Mr. Lewis' petition because he was not in custody pursuant to the challenged April 8, 2018, commitment order when he filed it.  Jurists of reason would not disagree with this Court's resolution of this claim, and nothing about the claim deserves encouragement to proceed further.  *See Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  The Court therefore **denies** a certificate of appealability.

Judgment consistent with this Order shall now issue.

## II.   MOTION TO SEAL

Mr. Lewis' Motion to Seal case, (Dkt. 3), is **denied without prejudice**. Mr. Lewis' Motion did not explain why the Court should maintain the case under seal as required by Local Rule 5-11. This rule provides:

> To seal a case, a party must file a motion requesting that the court seal the case with a proposed order at or before the time the party files its initial pleading. The clerk will seal the case until the court rules on the motion. If the court denies the motion, the clerk will unseal the case 21 days after service of the order, absent a Fed. R. Civ. P. 72(a) objection; motion to reconsider; or notice by a party of an intent to file an interlocutory appeal.

S.D. Ind. L.R. 5-11(a).

The Court gave Mr. Lewis through March 16, 2020, to comply with Local Rule 5-11, directing him to file a brief in support which includes the reasons demonstrating good cause to maintain the documents associated with this action under seal.  (Dkt. 17.)  He failed to do so.  Mr. Lewis is granted **20 days after entry of this Order,** to file an objection, motion to reconsider. If

nothing is filed by this deadline, **the Clerk is directed** to unseal the case on the 21st day from this

Order.

### III.    SUMMARY

The Respondent's Motion to Dismiss Petition, (Dkt. [18]), is **GRANTED**, and Mr. Lewis'

petition is **DISMISSED for lack of jurisdiction**.  No certificate of appealability shall issue.  Mr.

Lewis' Motion to Seal case, (Dkt. [3]), is **DENIED without prejudice**; and unless instructed

otherwise, the Clerk is **directed to unseal the case 21 days after entry of this Order.**

**SO ORDERED.**

Date:  6/29/2020

DISTRIBUTION:

MARLON JOE LEWIS, #11138
MADISON STATE HOSPITAL
711 Green Road
Madison, Indiana 47250

Jefferson S. Garn
INDIANA ATTORNEY GENERAL'S OFFICE
Jefferson.Garn@atg.in.gov

Sarah Ann Hurdle Shields
INDIANA ATTORNEY GENERAL'S OFFICE
sarah.shields@atg.in.gov

Andrea Elizabeth Rahman
OFFICE OF THE INDIANA ATTORNEY GENERAL
andrea.rahman@atg.in.gov

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana